UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNETTA MUHAMMAD,

               Plaintiff,

     -against-

TURKISH AIRLINES; CAPITAL ONE BANK,

               Defendants.

26-CV-0518 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendants Turkish Airlines and Capital One Bank violated her rights. By order dated April 28, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who resides in Mount Vernon, New York, invokes the court's federal question jurisdiction, and states that she is asserting claims for breach of contract. The following facts are drawn from the complaint.[1] On August 18, 2025, Plaintiff used a Capital One credit card to purchase a $5,269.51 roundtrip ticket from Chicago to Ghana for October 24, 2025, through November 24, 2025, from Turkish Airlines. Plaintiff alleges that Turkish Airline's ticket agent entered the wrong date of Plaintiff's trip, entering August 24, 2025, instead of October 24, 2025.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

On September 3, 2025, Turkish Airlines charged Plaintiff a $650.20 "no show" fee for missing the flight scheduled for August 24, 2025. Plaintiff paid the $650.20 fee to Turkish Airlines using a Chase Bank credit card.

Also on September 3, 2025, Plaintiff alerted Chase Bank of "a dispute of being penalized for input of wrong month by Defendant, Turkish Airlines, Ticket Agent." (ECF 1, at 9.)

Plaintiff alleges that Turkish Airlines "was awarded $5,269.51 by Defendant, Capital One Bank for services NOT rendered to Plaintiff." (*Id.*) In other words, Turkish Airlines received payment from Capital One Bank for the August 24, 2025 flight, even though Plaintiff was not on that flight.

Between September 2025 and January 2026, Plaintiff "communicated and acted in accordance with terms and conditions set forth" by Turkish Airlines and Capital One Bank without success. (*Id.*)

On October 13, 2025, however, Turkish Airlines refunded back to Chase Bank the $650.20 "no show" fee charged to Plaintiff, after which Plaintiff purchased another roundtrip ticket from Chicago to Ghana for October 24, 2025, through November 24, 2025, for $1,560.11. (*Id.*)

Plaintiff alleges that she "has been damaged by Defendants breach of contract by causing me to be in debt with interest, along with their negligence of data input, causing me emotional distress where I am seeking therapy for increased anxiety and depression." (*Id.* at 10.)

Plaintiff seeks a $5,269.51 refund from Turkish Airlines to Capital One Bank for the cost of the original flight.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has

3

jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

## A.      Federal question jurisdiction

To demonstrate federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the court's federal question jurisdiction, but she states that she is asserting claims for breach of contract, which arise under state law. Furthermore, Plaintiff's

allegations do not demonstrate any viable claim under federal law. The Court therefore lacks federal question jurisdiction of this action.

**B.    Diversity of citizenship jurisdiction**

Plaintiff asserts claims for breach of contract, which arise under state law. Plaintiff, however, does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction to consider her state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)).

A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). A national bank, such as Defendant Capital One Bank, is located, for purposes of diversity jurisdiction, in the state designated in its articles of association as the locus of its main office, not in every state where it has branch offices. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) (holding that "a national bank is a citizen only of the state listed in its articles of association as its main office").

In addition, to establish diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). "The party seeking

to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enterprises, Inc. v. Underwriters at Lloyds,* 140 F.3d 157, 160 (2d Cir. 1998)

Here, Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction to consider her breach of contract claims. Plaintiff alleges that she is a citizen of the State of New York. She states that Turkish Airlines is located at JFK International Airport in Jamaica, New York, but she does not allege the state or states in which Turkish Airlines is incorporated. Nor does she allege the state in which its corporate headquarters is located. To the extent she is alleging that the Jamaica, New York, address is Turkish Airlines' corporate headquarters, diversity of citizenship is precluded. With respect to Capital One Bank, Plaintiff provides the Mount Vernon, New York, address for one of its branch offices, but she does not allege the state in which its main office is located, as listed in its articles of incorporation. Plaintiff therefore does not allege facts demonstrating that the parties are citizens of different states.

Even if Plaintiff could establish that she and Defendants are citizens of different states, she seeks only $5,269.51 in compensatory damages, far below the $75,000 jurisdictional threshold. Moreover, Plaintiff cannot make up the difference by seeking punitive damages because, under New York law, "punitive damages are not recoverable for an ordinary breach of contract." *Callon Petroleum Co. v. Nat'l Indem. Co.*, No. 06-CV-0573 (JS) (MLO), 2009 WL 2707304, at *2 (E.D.N.Y. Aug. 24, 2009) (citing *TVT Records v. Island Def Jam Music Grp.*, 412 F.3d 82, 94 (2d Cr. 2005)).

For these reasons, the Court lacks diversity of citizenship jurisdiction to consider Plaintiff's state law claims.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although is it unclear whether Plaintiff can cure the deficiencies identified above, in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend her complaint to identify the federal claim or claims she seeks to bring and allege facts in support of her federal claims and/or to demonstrate that the Court has diversity jurisdiction to consider her state law claims by alleging facts showing complete diversity of the parties and that her claims are worth more than the $75,000 jurisdictional threshold.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

7

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    May 5, 2026
          New York, New York

                                        _____
                                              Louis L. Stanton
                                                 U.S.D.J.